IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DORIAN STEPNEY, TRISTAN STEPNEY,    )
DERRICK STEPNEY, and CYNTHIA        )
STEPNEY, individually and on        )
behalf of her minor children        )
DARIUS STEPNEY, RODNEY STEPNEY and )
TONI STEPNEY,                       )
                                    )    07 C 5842
          Plaintiffs,               )
                                    )    Judge Zagel
          v.                        )
                                    )
CITY OF CHICAGO, City of Chicago    )
Police Officers EMMETT MCCLENDON,   )
Star # 18077, MARK HEIN, Star #     )
19700, MELVIN BRANCH, Star #        )
16163, FRED WALLER, Star # 1822,    )
BRIAN HAWKINS, Star # 18982,        )
STEVEN MALDONADO, Star # 6223,      )
MARTIN TERESI, Star # 11254,        )
MIGUEL CUADRADO, Star # 5437, and   )
ANTHONY SCHULZ, Star # 887          )
                                    )    JURY TRIAL DEMANDED
          Defendants.               )

**THIRD AMENDED COMPLAINT**

PLAINTIFFS, by and through their attorneys, LOEVY &

LOEVY, complain of Defendants, CITY OF CHICAGO, City of Chicago

Police Officers EMMETT MCCLENDON, Star # 18077, MARK HEIN, Star #

19700, MELVIN BRANCH, Star # 16163, FRED WALLER, Star  # 1822,

BRIAN HAWKINS, Star # 18982, STEVEN MALDONADO, Star # 6223,

MARTIN TERESI, Star # 11254, MIGUEL CUADRADO, Star # 5437,

ANTHONY SCHULZ, Star # 887 and Unknown Chicago Police Officers

("Defendant Officers"), and state as follows:

**Introduction**

1.     This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**Jurisdiction and Venue**

2.     This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3.     Venue is proper as Plaintiffs reside in this judicial district and Defendant City of Chicago is a municipal corporation located here.  Further, the events giving rise to the claims asserted here all occurred within this district.

**Parties**

4.     Plaintiffs were at all relevant times citizens of the United States and Chicago, Cook County, Illinois.

5.     Defendant Officers are or were police officers employed by the City of Chicago.

6.     Defendant City of Chicago is an Illinois Municipal Corporation, and was and is the employer of the Defendant Officers.  The City of Chicago is responsible for the acts of the Defendants Officers while employed by the City of Chicago and while acting within the scope of their employment.  Defendant City of Chicago is also liable as an independent tortfeasor pursuant to Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978), for the constitutional violations of the

Defendant Officers, including unknown Chicago police officers, and any other agent of the City of Chicago.

## Background

7.  At all times relevant hereto, Plaintiff Cynthia Stepney worked full-time at Rush University Medical Center as a licensed phlebotomist.  Ms. Stepney has four children, Dorian Stepney, Darius Stepney, Toni Stepney, and Rodney Stepney, all of whom are Plaintiffs in this case.  Ms. Stepney's nephew, Tristan Stepney, and brother, Derrick Stepney, are also Plaintiffs in this case.

8.  At all times relevant hereto, Plaintiffs Cynthia Stepney, Derrick Stepney, Dorian Stepney, Darius Stepney, Rodney Stepney, and Toni Stepney all reside in the single family home at 8446 S. Winchester, Chicago, Illinois.  Cynthia Stepney owns that house and has lived there with her family for approximately 30 years.

9.  Unbeknownst to Plaintiffs, on or about August 28, 2007 unknown persons robbed the home of Chicago Police Officer Emmett McClendon.  The events that follow are the result of that officer and his fellow police officers' misguided and totally unjustified rampage through the neighborhood as payback for the robbery.

**August 28, 2007**

10.   On or about the evening of August 28, 2007, two unidentified Chicago Police Officers approached the front porch of the residence at 8446 S. Winchester.  The officers demanded to speak to the owner of the house.

11.   Cynthia Stepney identified herself and offered to speak to the officers.  She had no idea why the officers were at her home.

12.   The officers demanded to search Ms. Stepney's house, claiming that one of their partner's house had been robbed.  The officers provided no explanation for why they thought any evidence from that alleged crime would be in Ms. Stepney's home.

13.   Ms. Stepney asked the officers if they had a warrant.  The officers became enraged when Ms. Stepney asked about a warrant.  At this point, six to eight more officers surrounded the house.  One of the officers handcuffed Ms. Stepney's nephew, Tristan Stepney, who was on the porch, to a railing.  The officer said that Tristan Stepney would be arrested if Ms. Stepney did not let them in the house.  Tristan Stepney had committed no act that would justify restraining him or arresting him.

14.   At no point did Ms. Stepney agree to allow the officers to search her home.  Nonetheless, several of the

4

Defendant Officers forced their way inside the Stepneys' home. Ms. Stepney attempted to follow the officers, but was restrained by other officers. None of the officers ever displayed a warrant.

15. Once inside, the officers proceeded to search the house, but found absolutely no evidence of crime.

16. Dorian Stepney was inside the house and presented no threat to the officers and did nothing to interfere with the illegal search. Nevertheless, when Defendant McClendon saw Dorian inside the home the officer unjustifiably struck Dorian Stepney in the chest, choked him, and threw him backwards against the wall.

17. While her son was being attacked, two other Defendant officers grabbed Ms. Stepney and struck in her in the face, causing her to fall on a glass table.

18. Dorian Stepney was then handcuffed and dragged out of the residence. Once outside, Dorian Stepney was placed in the back of police car. An officer then threatened Mr. Stepney by saying he could charge him with any crime regardless of his innocence.

19. While Dorian Stepney was being attacked, Jefty Stepney, another Stepney family member, called 911 to ask for a supervisor to come to the scene and restrain the out of control Defendant Officers. Although Defendant Officer Schulz was

dispatched to their home in response to the 911 calls, no supervisor took any action to prevent the violation of Plaintiffs' constitutional rights.

20.    While some of the officers continued to search the home, Tristan Stepney attempted to call his mother on his cell phone to inform her what was happening.  Upon seeing this, one of the Defendant Officers twisted Tristan's arm to force him to hang up the phone.  Tristan Stepney's arm was still handcuffed to the railing during the attack.

21.    The officers continued to search the Stepney home and interrogate everyone at the scene until approximately 1 a.m. on August 29.  The officers departed without charging any Plaintiff with a crime.

22.    The officers left the house in shambles.  The Plaintiffs' possessions were strewn throughout the house as a result of the illegal search.

### Count I -- 42 U.S.C. § 1983
### Fourth Amendment

23.    Each of the foregoing Paragraphs is incorporated as if restated fully herein.

24.    As described more fully above, Plaintiffs' home was searched by the Defendant Officers in a manner which violated the Fourth Amendment.

25.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with

6

willful indifference to Plaintiffs' constitutional rights.

26.    The policy and practice of the City of Chicago, acting by and through its agents, were the moving force behind these constitutional violations in that:

a.    As a matter of both policy and practice, the City of Chicago, acting by and through its agents, directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.    As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs;

c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

f. The City of Chicago, acting by and through its agents, has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

27. As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, as well as the City's policy and practice, Plaintiffs have suffered injury, as well as emotional distress.

28. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

## Count II -- 42 U.S.C. § 1983
### Excessive Force

29.   Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

30.   As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiffs Cynthia Stepney, Dorian Stepney, and Tristan Stepney constituted excessive force in violation of the United States Constitution.

31.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiffs' constitutional rights.

32.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

33.   As a result of the unjustified and excessive use of force by the Defendant Officers, Plaintiff Cynthia Stepney sustained injuries, including, but not limited to, physical harm and emotional distress.

34.   As a result of the unjustified and excessive use of force by the Defendant Officers, Plaintiff Dorian Stepney sustained injuries, including, but not limited to, physical harm and emotional distress.

35.   As a result of the unjustified and excessive use of force by the Defendant Officers, Plaintiff Tristan Stepney

sustained injuries, including, but not limited to, physical harm and emotional distress.

36.   The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

### Count III -- 42 U.S.C. § 1983
### Unlawful Detention

37.   Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

38.   As described more fully above, the Defendant Officers unlawfully detained Plaintiffs without legal justification.

39.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

40.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

41.   As a result of the above-described wrongful infringement of their rights, Plaintiffs suffered damages, including, but not limited to, emotional distress and anguish.

42.   The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

10

## Count IV -- Section 1983
## Failure to Intervene

43.  Each Paragraph of this Complaint is incorporated herein.

44.  As described more fully above, one or more of the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiffs' constitutional rights as set forth above had they been so inclined, but failed to do so.

45.  The misconduct described in this Count was undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

46.  The misconduct described in this Count was undertaken under color of state law.

47.  As a direct and proximate result of the misconduct described in this Count, Plaintiffs' rights were violated and they suffered injuries, including but not limited to emotional distress.

48.  Plaintiffs' injuries were caused by employees of the City of Chicago, including but not limited to the individually named Defendants, who acted pursuant to the City's policies and practices in engaging in the misconduct described in this Count.

## Count V -- State Law Claim
### Assault and Battery

49.   Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

50.   As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact and/or apprehension of immediate bodily harm, undertaken willfully and wantonly, proximately causing injury to Plaintiffs.

51.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

52.   As a result of the offensive contact and/or apprehension of bodily harm, Plaintiffs sustained injuries, including, but not limited to physical harm and emotional distress.

53.   The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

12

## Count VI -- State Law Claim
## Respondeat Superior

54. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

55. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

56. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## Count VII -- State Law Claim
## Indemnification

57. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

58. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

59. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants Defendants, CITY OF CHICAGO, City of Chicago Police Officers EMMETT MCCLENDON, Star # 18077, MARK HEIN, Star # 19700, MELVIN

BRANCH, Star # 16163, FRED WALLER, Star # 1822, BRIAN HAWKINS, Star # 18982, STEVEN MALDONADO, Star # 6223, MARTIN TERESI, Star # 11254, MIGUEL CUADRADO, Star # 5437, and ANTHONY SCHULZ, Star # 887, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Elizabeth Mazur
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Russell Ainsworth
Elizabeth Mazur
LOEVY & LOEVY
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Elizabeth Mazur, an attorney, certify that on October 20, 2009, I served this document on all counsel of record via the ECF system.

/s/ Elizabeth Mazur

14