**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DORIAN STEPNEY, et al, | ) | |
|     Plaintiffs, | ) | 07 C 5842 |
| | ) | |
| v. | ) | Judge Zagel |
| | ) | |
| CITY OF CHICAGO, et al. | ) | JURY TRIAL DEMANDED |
|     Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Officers Emmett McClendon ("McClendon"), Mark Hein ("Hein"), Melvin Branch ("Branch"), Fred Waller ("Waller"), Brian Hawkins ("Hawkins"), Steven Maldonado ("Maldonado"), Martin Teresi ("Teresi"), Miguel Cuadrado ("Cuadrado"), and Anthony Schulz ("Schulz"), collectively ("Defendants"), by and through by one of their attorneys, Susan E. Sullivan of SWANSON MARTIN & BELL, LLP, hereby move this Honorable Court, pursuant to Federal Rule of Civil Procedure 56, for *partial* summary judgment in favor of Defendants on: (1) Plaintiffs' Fourth Amendment claim of unlawful search as to Officers Hein, Waller, Hawkins, Maldonado, Teresi, and Schulz, as plead in Count I; (2) Plaintiffs' claim of excessive force as to Officers Hein, Branch, Waller, Maldonado, Teresi, Cuadrado, and Schulz, as plead in Count II; (3) Plaintiffs' claim of unlawful detention as to Officers Waller, Maldonado, and Schulz, as plead in Count III; (4) Plaintiffs' claim of failure to intervene to prevent alleged constitutional violations as to all Defendant Officers, as plead in Count IV; (5) Plaintiffs' common law claim of assault and battery as to Officers Hein, Branch, Waller, Maldonado, Teresi, Cuadrado, and Schulz, as plead in Count V; and (6) Plaintiffs' common law claims against the City pursuant to respondeat superior and indemnification in Counts VI and VII that are alleged to arise out of the common law claim of assault and battery against Officers Hein,

Branch, Waller, Maldonado, Teresi, Cuadrado, and Schulz. In support of their motion, Defendants submit the following memorandum:

## I. STATEMENT OF THE CASE

Plaintiffs Cynthia Stepney ("Cynthia"), Dorian Stepney ("Dorian"), Darius Stepney ("Darius"), Toni Stepney ("Toni"), Rodney Stepney ("Rodney"), Tristan Stepney ("Tristan"), and Derrick Stepney (Derrick"), collectively ("Plaintiffs"), filed their Third Amended Complaint ("Complaint"), alleging that on August 28, 2007, all of the Plaintiffs were unlawfully detained by Defendant Officers at their home at 8446 S. Winchester, Chicago, Illinois, and that their home was unlawfully searched by Defendant Officers. Three Plaintiffs, Cynthia, Dorian, and Tristan Stepney, also allege that Defendant Officers used excessive force against them and assaulted and battered them. All of the Plaintiffs also allege that Defendant Officers failed to intervene to prevent the alleged constitutional violations. Finally, all of the Plaintiffs claim that the City is liable to them pursuant to respondeat superior and indemnification for the alleged common law claims of assault and battery. Discovery regarding these issues has been completed, and Defendants now file their motion for partial summary judgment.[1]

## II. STATEMENT OF FACTS

For purposes of this motion, Defendants refer the Court to their Local Rule 56.1(a)(3) Corrected Statement of Uncontested Facts, filed herewith.[2]

## III. STANDARD OF DECISION

Fed. R. Civ. P. 56(c) provides that a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

---

[1] Defendants have not moved for judgment on Plaintiffs' allegations that the Defendant City of Chicago was the moving force behind the alleged violations of federal law pursuant to *Monell* because this Court has severed and stayed the *Monell* claims pursuant to this Court's order of August 14, 2008.

[2] The following facts are set forth and uncontested for purposes of summary judgment only.

affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." While "[a]ll factual inferences are to be taken against the moving party and in favor of the opposing party," *Adickes v. S. H. Kress & Co.*, 90 S.Ct. 1598, 1609 (1980), only reasonable inferences, and not all conceivable inferences, will be drawn. *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987). "Summary judgment is not a discretionary remedy. If a plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994), *aff'd* 115 S.Ct. 2151 (1995).

## IV. ARGUMENT

**A. Sergeant Schulz is entitled to summary judgment on all of Plaintiffs' claims because there are no facts to establish that he was involved in any of the alleged claims.**

Sergeant Schulz is entitled to summary judgment as to all of Plaintiffs' claims. The undisputed facts establish that Sergeant Schulz did not have contact with any Plaintiff and was not present during the alleged incidents that give rise to Plaintiffs' claims. Because Sergeant Schulz is not involved in the alleged incidents that give rise to Plaintiffs' claims, he must be dismissed as a party to the case. Plaintiffs must establish that Sergeant Schulz was personally involved in the incident in order to establish liability and cannot hold him liable for the actions of other officers. *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988); *cert. denied* 109 S.Ct. 162 (1988); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. (*cert. denied*, 107 S.Ct. 597 (1986); *O'Neil v. Krzeminski*, 839 F.2d 9, 11 (2nd Cir. 1988); 745 ILCS 10/2-204. In viewing all facts in the best light for Plaintiffs, there is no evidence to establish that Sergeant Schulz had any involvement in any of the incidents or allegations in Plaintiffs' Complaint.

3

While there is no dispute that Sergeant Schulz was dispatched to go to the Stepney home on August 27, 2008, in response to a request for a supervisor, there is also no dispute that Sergeant Schulz did not have any contact with any of the Plaintiffs. While Plaintiffs' various version of the event diverge on many issues, Plaintiff were consistent to the extent that none of the Plaintiffs testified that they had any contact with a sergeant or supervisor who may have responded to the 911 calls made on the night of the incident. (*See* Defendants' Rule 56.1(a)(3) Corrected Statement of Uncontested Fact Nos. 31, 50, 69, 77, 98, 113, and 124). Plaintiffs all testified the officers on the scene were dressed in plain clothes, not in uniform, if they could give any description of the officers' clothing at all. (Uncontested Fact Nos. 6, 7, 15, 30, 35, 36, 37, 39, 55, 56, 65, 66, 67, 68, 80, 84, 88, 98, 99, 116, 117, 126, 127, 130, 134, 135). Sergeant Schulz admits that he was dispatched to the Stepney home, but denies that he had contact with any of the Plaintiffs or any of the other Defendant Officers. (Uncontested Fact Nos. 153, 155, 156, 157). Sergeant Schulz was dressed in his police sergeant's uniform, which included a full police uniform with a white shirt on August 28, 2007. (Uncontested Fact No. 154). When Sergeant Schulz arrived at the scene, he did not come into contact with anyone. (Uncontested Fact Nos. 156, 157).

Given all of the facts, Plaintiffs cannot establish that Sergeant Schulz had any involvement in any incident giving rise to the allegations in Plaintiffs' Complaint and he should be dismissed from the case as a party from all of Plaintiffs' claims in Counts I, II, III, IV, and V.

**B.** **Plaintiffs have failed to establish sufficient evidence that certain Defendant Officers were involved in the incidents alleged in their Complaint.**

Plaintiffs must establish that each Defendant Officer was personally involved with regard to each allegation. *Martin*, 845 F.2d at 1455; *Eades*, 823 F.2d at 1063; *Walker*, 791 F.2d at 508; *O'Neil*, 839 F.2d at 11; 745 ILCS 10/2-204. Furthermore, to recover under Section 1983, a

4

plaintiff must establish that the defendants were personally responsible for depriving him of a known constitutional right. *Tomasso v. City of Chicago*, 782 F.Supp. 1231, 1235 (N.D.Ill. 1991), *rev'd on other grounds, citing Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). Whether a plaintiff's theory of liability with respect to individual defendants is one of direct participation or not, a plaintiff must present evidence implicating each defendant in the alleged violation of each constitutional right to defeat summary judgment. *Tomasso*, 782 F.Supp. at 1235, *citing Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir.1982). A plaintiff's burden of establishing that there is a genuine issue of fact for trial is not satisfied by a plaintiff's promise to present other evidence at the time of trial, but must be evident from the evidence available at the time that a motion for summary judgment in brought by defendants. *Tomasso,* 782 F.Supp. at 1236; *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 332 n. 3, 106 S.Ct. 2548, 2557 n. 3 (1986).

Plaintiffs offer little evidence as to which officers might have been involved in each particular incident of alleged mistreatment other than to identify Officer McClendon. To the extent that Plaintiffs have failed to establish evidence implicating any individual defendant with regard to any of the alleged violations or common law claim for assault and battery, that defendant must be dismissed from that claim.

**1.   Officers Hein, Waller, Hawkins, Maldonado, and Teresi must be dismissed as to Plaintiffs' claim of unlawful search in Count I.**

Other than identifying Officer McClendon, Plaintiffs give vague and various sparse descriptions of the officers that are alleged to have entered and searched the Stepney home. Plaintiffs are only in agreement that the officers that entered in addition to Officer McClendon were male officers that were not wearing police uniforms.

But for Officer McClendon, who all Plaintiffs identify, the description of the officers who entered the home, and the number who entered, is in dispute amongst Plaintiffs. Cynthia stated that four or five officers entered the house, including Officer McClendon. (Uncontested Fact Nos. 13, 25). Cynthia could not describe the officers that entered and searched her home other than to describe one and big and tall with a ponytail. (Uncontested Fact Nos. 13, 14, 15, 16, 18, 30). Dorian could only describe the two officers that he saw in the basement as tall and with hair, one having a medium build. (Uncontested Fact Nos. 35, 36). Dorian could only describe the other officer that he saw in the door as having a long hair in a ponytail. (Uncontested Fact No. 39). Tristan was certain that the one officer that handcuffed him, who he described as kind of tall and bald with brown skin, never went inside the house. (Uncontested Fact Nos. 55, 60, 70, 76). Tristan could only describe that of the officers that did enter the home, all were male, none were in uniform, one was a tall Caucasian officer and one arrived on a motorcycle. (Uncontested Fact Nos. 64, 68, 69, 72). Darius testified that six or seven officers entered the home. (Uncontested Fact No. 90). Other than Officer McClendon, Darius could not identify the officers that may have entered the home other than to describe three officers; one that was "light-skinned", one that was tall, skinny, and bald, and one that had a ponytail. (Uncontested Fact No. 88). Darius was certain that an officer that arrived on a motorcycle never entered the home. (Uncontested Fact No. 91). Derrick saw eight or nine officers in the home but, other than identifying Officer McClendon, Derrick could only describe one officer who he said was "black", big, tall, approximately 5 feet 9 inches to 6 feet tall, and not too heavy. (Uncontested Fact Nos. 98, 99, 106). Toni testified that she saw two plain-clothed officers inside the home and saw Officer McClendon in the living room. (Uncontested Fact Nos. 120, 121). Rodney testified that the tall African American "bald-headed" officer that handcuffed Tristan did go

6

inside the home, and that Officer McClendon entered a few minutes later. (Uncontested Fact Nos. 128, 129, 131). Rodney also testified that a "chubby" Caucasian officer, 6 feet and 2 inches tall, wearing a Cincinnati Bengals jersey also entered the home leaving another outside. (Uncontested Fact Nos. 130, 132, 134). Rodney later testified that a Caucasian officer with a ponytail also entered the home, bringing the total number of officer that entered to four. (Uncontested Fact Nos. 127, 132, 134, 136). Rodney could not describe any other officers that may have entered. (Uncontested Fact No. 145). Officers McClendon, Branch, and Cuadrado admit entering the Stepney home. (Uncontested Fact No. 148).

To the extent that these officers do admit entering the home, summary judgment cannot be brought on their behalf in viewing the facts in the best light for Plaintiffs, even though Officers McClendon, Branch, and Cuadrado deny all of Plaintiffs' allegations that they searched or participated in any misconduct. *Tomasso*, 782 F.Supp. at 1236. Plaintiffs had every opportunity to further identify the officers that they allege entered and searched the home throughout the course of discovery, which has included multiple discovery requests to Defendant Officers, multiple requests to admit facts, and the depositions of all of Defendant Officers. However, as it stands at this time upon the filing of Defendants' motion, the evidence is certainly insufficient to establish the personal responsibility of Officers Hein, Waller, Hawkins, Maldonado, and Teresi as to Plaintiffs' allegations of unlawful search of their home. Other than Plaintiffs' agreement that Officer McClendon unlawfully searched, Plaintiffs' testimony merely suggests that any one of the officers on scene may have entered and searched the home. *Tomasso*, 782 F.Supp. at 1235-1236. It is only with the Defendant Officers' testimony that Plaintiffs can establish that Officers Branch and Cuadrado also entered. Because Plaintiffs have failed to support their claim of unlawful search against Officers Hein, Waller, Hawkins,

7

Maldonado, and Teresi with any probative evidence, these officers must be dismissed from these particular allegations of unlawful search, which are contained in Count I.

**2.  Officers Hein, Branch, Waller, Maldonado, Teresi, and Cuadrado must be dismissed as to Plaintiffs' claim of excessive force in Count II and common law claim of assault and battery in Count V.**

Other than identifying Officer McClendon as the officer alleged to have used excessive force and committed assault and battery against Dorian, Plaintiffs also give meager descriptions for any other officers that are alleged to have used excessive force against or assaulted or battered Cynthia or Tristan.

Cynthia claimed that she was held by two offices and struck in the face, possibly accidently, by one officer's hand. (Uncontested Fact Nos. 20, 21, 22). Cynthia did not identify the officer that may have struck her as Officer McClendon, or that Officer McClendon touched her at any time. (Uncontested Fact Nos. 21, 22, 23). Cynthia claimed that at the time she was struck, Officer McClendon was choking Dorian and reaching for his gun. (Uncontested Fact Nos. 20, 21, 22, 23). Dorian claimed that Officer McClendon first placed hands on him after they had been verbally arguing in the house. (Uncontested Fact Nos. 40, 42, 43). Two officers jumped up and grabbed Dorian and carried him out of the house when Officer McClendon grabbed and punched him. (Uncontested Fact No. 44). While in the house, Dorian heard Tristan yell that his arm was twisted, but did not see it, nor did Dorian see any officer punch Tristan (Uncontested Fact Nos. 41, 48). Dorian testified that his mother, Cynthia informed him that Officer McClendon was the officer that knocked her over. (Uncontested Fact No. 52). Tristan testified that the officer that handcuffed him punched him in the stomach before he was handcuffed and later twisted his arm. (Uncontested Fact Nos. 60, 61, 63). Tristan could not see what was going on in the house during the incident. (Uncontested Fact No. 71). Darius testified

8

that he saw Officer McClendon shove Cynthia and choke Dorian. (Uncontested Fact No. 94). Dorian said that Cynthia was shoved into a table, which caused the table to crack. (Uncontested Fact No. 95). Darius testified that he saw Officer McClendon shove Cynthia and choke Dorian. (Uncontested Fact No. 94). Derrick saw Officer McClendon choke Dorian. (Uncontested Fact No. 108). Derrick saw Cynthia get knocked down and a table shatter into little pieces when she fell, but did not identify Officer McClendon as the officer who knocked Cynthia down. (Uncontested Fact No. 110). Toni saw a "light-skinned" or Caucasian officer handcuff Tristan but did not testify that she saw any officer punch Tristan beforehand. (Uncontested Fact Nos. 1118, 119). Toni then went into a bedroom and did not see any physical altercation between the officers and Cynthia or Dorian. (Uncontested Fact No. 122). Rodney testified that a tall African American "bald-headed" officer "slapped" handcuffs Tristan, but did not mention that he saw Tristan get punched in the stomach beforehand, or any other force used against Tristan. (Uncontested Fact Nos. 126, 128). Rodney testified that when he later saw Officer McClendon choke Dorian, two other officers grabbed Cynthia and she fell to the ground. (Uncontested Fact No. 140). Rodney saw an officer's hand hit Cynthia's nose, but thought the contact was unintentional. (Uncontested Fact No. 144). Rodney could not describe the officers that grabbed Cynthia, but was certain that Officer McClendon did not have any contact with her. (Uncontested Fact Nos. 141, 143). Rodney said that two officers grabbed Dorian during the altercation and walked Dorian out of the house. (Uncontested Fact Nos. 140, 145). Officer Hawkins handcuffed a young male on the porch at the Stepney home without assistance from any officer. (Uncontested Fact No. 149). Officers Hawkins, Hein, Teresi, Maldonado, and Sergeant Waller did not enter the Stepney home. (Uncontested Fact No. 148). In fact, Officer Maldonado did not have contact with anyone at the Stepney house, and Sergeant Waller only

9

saw Cynthia briefly outside her home and had no contact with any other Plaintiff. (Uncontested Fact Nos. 151, 152).

Because the majority of the all Plaintiffs identify Officer McClendon as the person alleged to have used force against Dorian, summary judgment cannot be brought on his behalf even though Officer McClendon denied these allegations. Nor can summary judgment be brought on Officer Hawkins' behalf on the excessive force and assault and battery claim, despite his denial of any wrongdoing. Since Officer Hawkins admits that he handcuffed a young male on the porch at the Stepney home, and because Tristan claims that an officer handcuffed him on the porch and then use force against him and batter him, Officer Hawkins cannot be dismissed from these claims at the time of summary judgment as the facts must be viewed in the best light for Plaintiffs. *Tomasso*, 782 F.Supp. at 1236. However, there is not sufficient evidence to establish that Officers Hein, Branch, Waller, Maldonado, Teresi, or Cuadrado used excessive force against, or battered or assaulted any Plaintiff. *Tomasso*, 782 F.Supp. at 1235-1236; 745 ILCS 10/2-204.

Because Plaintiffs have failed to support their claims of excessive force and assault and battery against Officers Hein, Branch, Waller, Maldonado, Teresi, and Cuadrado with any probative evidence, these officers must be dismissed from these particular allegations of excessive force and assault and battery which are contained in Counts II and V.

**3.      Officers Waller and Maldonado must be dismissed as to Plaintiffs' claim of unlawful detention in Count III.**

Several Plaintiffs claim that at various times they were unlawfully detained in and about their home by the presence of Defendant Officers or physically by Defendant Officers. (Uncontested Fact Nos. 20, 44, 45, 46, 47, 60, 70, 133). Officers McClendon, Branch, and Cuadrado admit entering the Stepney home. (Uncontested Fact No. 148). Officer Hawkins

handcuffed a young male on the porch at the Stepney home without assistance from any officer. (Uncontested Fact No. 149). Officers Hein and Teresi admit escorting a young male that Officer Hawkins had handcuffed to a police vehicle for a short period of time. (Uncontested Fact No. 150). Officer Maldonado and Sergeant Waller did not enter the Stepney home. (Uncontested Fact No. 148). Officer Maldonado did not have contact with anyone at the Stepney house, and Sergeant Waller only saw Cynthia briefly outside her home and had no contact with any other Plaintiff. (Uncontested Fact Nos. 151, 152).

To the extent that these officers do admit entering the home, handcuffing persons, or escorting persons in handcuffs, summary judgment cannot be brought on their behalf. In viewing the facts in the best light for Plaintiffs, even though Officers McClendon, Branch, Cuadrado, Hawkins, Hein, and Teresi deny all of Plaintiffs' allegations that they unlawfully detained anyone or participated in any misconduct, they cannot prevail on summary judgment on this issue at this time. *Tomasso*, 782 F.Supp. at 1236. However, there is no evidence to establish that Officer Maldonado or Sergeant Waller detained any Plaintiff. *Tomasso*, 782 F.Supp. at 1235-1236. Because Plaintiffs have failed to support their claims of unlawful detention against Officer Maldonado and Sergeant Waller with any probative evidence, Officer Maldonado and Sergeant Waller must be dismissed from these particular allegations of unlawful detention which are contained in Count III.

**C.     Plaintiffs' Failure to Intervene claim should be dismissed as to all Defendant Officers.**

Plaintiffs have only positively identified Officer McClendon with regard to their claims and have identified him as an active participant in the alleged unconstitutional violations of unlawful search, excessive force, and unlawful detention. (Uncontested Fact Nos. 18, 19, 40, 42, 43, 86, 111). Similarly, when the facts are viewed in the best light for Plaintiffs, including the

11

Defendant Officers' testimony, Plaintiffs have alleged that other officers were also active participants in alleged unconstitutional violations of unlawful search, excessive force, and unlawful detention. (Uncontested Fact Nos. 13, 25, 60, 61, 62, 111, 148, 149, 150). However, Plaintiffs have failed to allege any facts that establish that any Defendant Officer failed to intervene to prevent any constitutional violation.

A police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge. *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972). A two-prong test must be satisfied before the duty to intervene arises: 1) the officer must have reason to know that a constitutional violation has been committed by a law enforcement official; and 2) the officer must have had a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Further, a failure to intervene must be intentional and not merely the negligent failure to perceive a constitutional violation. *Jones v. Troy*, 88 C 5702, 1989 WL 134502, at *2 (N.D.Ill. 1989). *citing Rascon v. Hardiman*, 803 F.2d 269, 276 (7th Cir. 1986).

In this case, however, Plaintiffs can neither identify nor sufficiently describe any Defendant Officer that may have been present as an intervener. Plaintiffs' testimony only establishes that the officers were either not present when the alleged violations occurred, or that an alleged intervener did not have sufficient knowledge to be aware that any alleged violation had occurred, or a realistic opportunity to prevent the alleged violation. Cynthia and other Plaintiffs claimed that any contact with her face was possibly accidental. (Uncontested Fact Nos. 20, 21, 22, 144). In fact, Dorian and other Plaintiffs claimed that two officers jumped up and grabbed Dorian to carry him out of the house when Officer McClendon allegedly attacked him. (Uncontested Fact Nos. 44, 140, 145). The Defendant Officers were either not present for

certain events or lacked sufficient knowledge to be aware that any alleged violation occurred. (Uncontested Fact Nos. 146, 147, 148, 149, 151, 152, 157).

Because Plaintiffs can neither identify nor describe any one of the officers who might have been present during the alleged constitutional violations, or establish that any Defendant Officer knew that a violation was occurring and had a realistic opportunity to intervene, Plaintiffs' failure to intervene claim must be dismissed against all Defendants. *Tomasso*, 782 F.Supp. at 1237. Therefore, Plaintiffs' claim of failure to intervene to prevent the alleged constitutional violations as plead in Count IV should be dismissed as to all Defendant Officers.

**D.** **Defendant Officers who have sought dismissal of certain federal claims herein are entitled to Qualified Immunity as to those claims as well.**

The issue of qualified immunity is a question of law for the court to decide. *Alvarado v. Picur*, 859 F.2d 448, 450 (7th Cir. 1988). The court needs only to determine that, at the time of the alleged violation, it was not clearly established that the conduct claimed was unconstitutional for the court to grant summary judgment on the issue of qualified immunity. *Pearson v. Callahan*, 129 S.Ct. 808, 813, (2009). Once a defendant has pleaded qualified immunity, the plaintiff has the burden to demonstrate the existence of a clearly established right. *Estate of Stevens v. City of Green Bay*, 105 F.3d 1169, 1174 (7th[h] Cir. 1997) *citations omitted*. Plaintiffs cannot meet their burden and demonstrate that certain Defendant Officers' conduct was unconstitutional as to Plaintiffs' allegations of unlawful search, excessive force, unlawful detention, or failure to intervene.

Defendant Officers were investigating a burglary, speaking to homeowners and canvassing the alleys in the neighborhood to investigate that crime on the evening of the incident. (Uncontested Fact Nos. 3, 25, 54, 78, 79, 114, 115, 125) 60, 61, 62, 111, 148, 149, 150). Certain Defendant Officers were either not present for certain events or lacked sufficient

13

knowledge to be aware that any alleged violation occurred. (Uncontested Fact Nos. 146, 147, 148, 149, 151, 152, 157).

Based on clearly established law, Plaintiffs cannot meet their burden and demonstrate that Officers Hein, Waller, Hawkins, Maldonado, Teresi, or Schulz's alleged conduct was unconstitutional as to Plaintiffs' unlawful search claim. Nor can Plaintiffs meet their burden and demonstrate that Officers Hein, Branch, Waller, Maldonado, Teresi, Cuadrado, or Schulz's conduct was unconstitutional as to Plaintiffs' excessive force claim. Plaintiffs also cannot meet their burden and demonstrate that Officers Waller, Maldonado, or Schulz's conduct was unconstitutional as to Plaintiffs' unlawful detention claim. Finally, Plaintiffs cannot meet their burden and demonstrate that any Defendant Officers' conduct was unconstitutional as to Plaintiffs' failure to intervene claim. Therefore, these Defendant Officers are entitled to qualified immunity on these claims.

**E.  Defendant City of Chicago is entitled to summary judgment on Counts VII and VIII.**

The City is entitled to partial summary judgment on Counts VI and VII in so far as Plaintiffs seek to hold the City liable or seek indemnification from the City for the common law claims that certain Defendant Officers have moved for judgment in their favor, herein. The City cannot be held liable or directed to indemnify Defendant Officers if Defendant Officers cannot be held liable. 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."). Officers Hein, Branch, Waller, Maldonado, Teresi, Cuadrado, and Schulz have moved for judgment in their favor on Plaintiffs' common law claims of assault and battery as alleged in Count V. Accordingly, Plaintiffs' claims against the City pursuant to respondeat superior and indemnification should be

dismissed as they pertain to any and all common law claims that are dismissed as to these Defendant Officers on Count V.

## V.  CONCLUSION

WHEREFORE, Defendants request that this Honorable Court grant Defendants' motion for *partial* summary judgment in favor of Defendants on: (1) Plaintiffs' Fourth Amendment claim of unlawful search as to Officers Hein, Waller, Hawkins, Maldonado, Teresi, and Schulz, as plead in Count I; (2) Plaintiffs' claim of excessive force as to Officers Hein, Branch, Waller, Maldonado, Teresi, Cuadrado, and Schulz, as plead in Count II; (3) Plaintiffs' claim of unlawful detention as to Officers Waller, Maldonado, and Schulz, as plead in Count III; (4) Plaintiffs' claim of failure to intervene to prevent alleged constitutional violations as to all Defendant Officers, as plead in Count IV; (5) Plaintiffs' common law claim of assault and battery as to Officers Hein, Branch, Waller, Maldonado, Teresi, Cuadrado, and Schulz, as plead in Count V; and (6) Plaintiffs' common law claims against the City pursuant to respondeat superior and indemnification in Counts VI and VII that are alleged to arise out of the common law claim of assault and battery against Officers Hein, Branch, Waller, Maldonado, Teresi, Cuadrado, and Schulz, and for any other relief this Court finds just.

Respectfully submitted,

  /s/ Susan E. Sullivan
Susan E. Sullivan
*As Attorneys for Defendants*
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
Atty. No. 06238201
Email:  ssullivan@smbtrials.com